**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| BARBARA STURGIS, Individually and as Administrator of the Estate of DAVID STURGIS, Deceased, | ) ) ) | |
| | ) | CASE NO.: 3:19-CV-00440 |
| Plaintiff, | ) | |
| v. | ) | |
| R+L CARRIERS INC., R+L TRANSFER, INC., GREENWOOD MOTOR LINES, INC., and MATTHEW EDDY, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT AT LAW**

NOW COMES the Plaintiff, BARBARA STURGIS, Individually and as Administrator of the Estate of DAVID STURGIS, deceased, by and through her attorneys, PHILLIPS LAW OFFICES and SMITH SERSIC, and complaining against the Defendants, R+L CARRIERS INC., R+L TRANSFER, INC., GREENWOOD MOTORLINES, INC and MATTHEW EDDY. Plaintiff states as follows:

**JURY DEMAND**

1.     The Plaintiff hereby demands a trial by jury.

**PARTIES, JURISDICTION, AND VENUE**

2.     Plaintiff, BARBARA STURGIS has been appointed Personal Representative of the Estate of DAVID STURGIS, deceased by the Circuit Court of LaPorte County, State of Indiana.

1

3.      At all relevant times, BARBARA STURGIS and decedent DAVID STURGIS were citizens and residents of Wisconsin.

4.      At all relevant times, the defendant R+L CARRIERS INC., was a corporation registered to do business and was doing business in the County of LaPorte, State of Indiana. Defendant, R & L Carriers, Inc. is an Ohio corporation with its principal place of business in Wilmington, Ohio and is therefore a citizen of Ohio.

5.      At all relevant times, the defendant R+L TRANSFER, INC., was a corporation registered to do business and was doing business in the County of LaPorte, State of Indiana. Defendant, R & L Transfer, Inc. is an Ohio corporation with its principal place of business in Wilmington, Ohio and is therefore a citizen of Ohio.

6.      At all relevant times, the defendant GREENWOOD MOTORLINES, INC., was a corporation registered to do business and was doing business in the County of LaPorte, State of Indiana. Defendant, Greenwood Motor Lines, Inc. is a South Carolina corporation with its principal place of business in Wilmington, Ohio and is therefore a citizen of South Carolina and Ohio.

7.      At all relevant times, defendant MATTHEW EDDY was a citizen of Indiana and resided in Indiana.

8.      This is an action for damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees. There is complete diversity of citizenship amongst the parties. Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332.

9.      Venue is proper in this Court under 28 U.S.C. §1391(b) because a substantial part of incidents, events, omissions, and occurrences giving rise to this action occurred in the Northern District of Indiana. Moreover, the Defendants conduct business in the Northern District of Indiana.

## FACTS COMMON TO ALL COUNTS

10.    On February 16, 2018, Interstate 94 in LaPorte County, Indiana at or near mile post thirty-nine (39) was an interstate roadway traveling in a generally east/west direction with three (3) lanes traveling west and a median between the westbound and eastbound lanes.

11.    On February 16, 2018, at approximately 2:52 am, Christopher Nuoffer was the operator of a semi-tractor traveling in a generally westbound direction on Interstate 94 in Laporte, Indiana at or near mile post thirty-nine (39).

12.    Upon information and belief, in the hours prior to 2:52 am on February 16, 2018, Christopher Nuoffer departed from defendant R+L CARRIERS, INC. trucking terminal located in New Carlisle, Indiana in a semi-tractor trailer with two (2) trailers.

13.    Upon information and belief, in the hours prior to 2:52 am on February 16, 2018, Christopher Nuoffer departed from defendant R+L TRANSFER, INC. trucking terminal located in New Carlisle, Indiana in a semi-tractor trailer with two (2) trailers.

14.    Upon information and belief, in the hours prior to 2:52 am on February 16, 2018, Christopher Nuoffer departed from defendant GREENWOOD MOTORLINES, INC. trucking terminal located in New Carlisle, Indiana in a semi-tractor trailer with two (2) trailers.

15.    On February 16, 2018 at approximately 2:52 a.m. the decedent, DAVID STURGIS, was the operator of a semi-tractor trailer traveling in a generally westbound direction on Interstate 94 in Indiana at or near mile post thirty-nine (39).

16.    At all relevant times, the defendant R+L CARRIERS INC., was a corporation registered to do business and was doing business in the County of LaPorte, State of Indiana.

17.    At all relevant times, the Defendant, R+L CARRIERS, INC., owned, managed, and maintained the tractor-trailer involved in this occurrence. (hereafter the "tractor-trailer")

18.     At all relevant times, the tractor-trailer owned, managed, and maintained by the defendant R+L CARRIERS, INC., was prepared for travel by defendant MATTHEW EDDY, its employee(s) or agent(s).

19.     At all relevant times, the tractor-trailer owned, managed, and maintained by the defendant, R+L CARRIERS, INC., was operated by its employee or agent Christopher Nuoffer in a westbound direction on Interstate 94.

20.     At all relevant times, the defendant R+L TRANSFER, INC., was a corporation registered to do business and was doing business in the County of LaPorte, State of Indiana.

21.     At all relevant times, the Defendant, R+L TRANSFER, INC., owned, managed, and maintained the tractor-trailer involved in this occurrence.

22.     At all relevant times, the tractor-trailer owned, managed, and maintained by the defendant R+L TRANSFER, INC., was prepared for travel by defendant MATTHEW EDDY, its employee(s) or agent(s).

23.     At all relevant times, the tractor-trailer owned, managed, and maintained by the defendant, R+L TRANSFER, INC., was operated by its employee or agent Christopher Nuoffer in a westbound direction on Interstate 94.

24.     At all relevant times, the defendant GREENWOOD MOTORLINES, INC., was a corporation registered to do business and was doing business in the County of LaPorte, State of Indiana.

25.     At all relevant times, the Defendant, GREENWOOD MOTORLINES, INC., owned, managed, and maintained the tractor-trailer involved in this occurrence.

26.    At all relevant times, the tractor-trailer owned, managed, and maintained by the defendant GREENWOOD MOTOR LINES, INC., was prepared for travel by defendant MATTHEW EDDY, its employee(s) or agent(s).

27.    At all relevant times, the tractor-trailer owned, managed, and maintained by the defendant, GREENWOOD MOTORLINES, INC., was operated by its employee or agent Christopher Nuoffer in a westbound direction on Interstate 94.

28.    At all relevant times, Christopher Nuoffer was an employee or agent of defendant R+L CARRIERS, INC.

29.    At all relevant times, the person(s) who attached the second trailer to the first trailer were employees or agents of the defendant, R+L CARRIERS, INC.

30.    At all relevant times, Christopher Nuoffer was an apparent agent of the defendant R+L CARRIERS, INC.

31.    At all relevant times, the person(s) who attached the second trailer to the first trailer were apparent agents of the defendant, R+L CARRIERS, INC.

32.    At all relevant times, defendant MATTHEW EDDY, who attached the second trailer to the first trailer, was an employee or agent of the defendant R+L CARRIERS, INC.

33.    At all relevant times, defendant MATTHEW EDDY, who attached the second trailer to the first trailer, was an apparent agent of the defendant, R+L CARRIERS, INC.

34.    At all relevant times, Christopher Nuoffer was an employee or agent of defendant R+L TRANSFER, INC.

35.    At all relevant times, the person(s) who attached the second trailer to the first trailer were employees or agents of the defendant, R+L TRANSFER, INC.

36.    At all relevant times, Christopher Nuoffer was an apparent agent of the defendant R+L TRANSFER, INC.

37.    At all relevant times, the person(s) who attached the second trailer to the first trailer were apparent agents of the defendant, R+L TRANSFER, INC.

38.    At all relevant times, defendant MATTHEW EDDY, who attached the second the trailer to the first trailer, was an employee or agent of the defendant R+L TRANSFER, INC.

39.    At all relevant times, defendant MATTHEW EDDY, who attached the second trailer to the first trailer, was an apparent agent of the defendant R+L TRANSFER, INC.

40.    At all relevant times, Christopher Nuoffer was an employee or agent of defendant GREENWOOD MOTORLINES, INC.

41.    At all relevant times, the person(s) who attached the second trailer to the first trailer were employees or agents of the defendant, GREENWOOD MOTORLINES, INC.

42.    At all relevant times, Christopher Nuoffer was an apparent agent of the defendant GREENWOOD MOTORLINES, INC.

43.    At all relevant times, the person(s) who attached the second trailer to the first trailer were apparent agents of the defendant, GREENWOOD MOTORLINES, INC.

44.    At all relevant times, defendant MATTHEW EDDY, who attached the second trailer to the first trailer, was an employee or agent of the defendant GREENWOOD MOTORLINES, INC.

45.    At all relevant times, defendant MATTHEW EDDY, who attached the second trailer to the first trailer, was an apparent agent of the defendant GREENWOOD MOTORLINES, INC.

46.    At all relevant times, the aforesaid semi-tractor trailer, operated by Christopher Nuoffer consisted of a semi-tractor and two (2) trailers.

47.    On February 16, 2018 at approximately 2:52 a.m., the second trailer of the semi-tractor trailer operated by Christopher Nuoffer became detached from the semi-tractor and first trailer at or near mile marker 39 on Interstate 94 in LaPorte County, Indiana.

48.    At that time, the second trailer skidded onto the right shoulder of the westbound lanes, coming to rest.

49.    At that time, the rear end of the second trailer remained in the right lane of travel, obstructing that lane of travel.

50.    At that time, there were no flares or traffic hazard signals placed behind the tractor, the first trailer, or the second trailer.

51.    At that time, the tractor-trailer driven by David Sturgis came into contact with the detached second trailer in the westbound travel lanes of traffic, thereby contacting David Sturgis and causing his death.

<u>**COUNT ONE – WRONGFUL DEATH**</u>
**R+L CARRIERS, INC.**

1-51.    Plaintiff realleges paragraphs 1 through 51 as if fully set forth herein.

52.    That Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, R+L CARRIERS, INC., and MATTHEW EDDY who attached the 2nd trailer to the first trailer, as employees, agents, and/or apparent agents of Defendant, R+L CARRIERS, INC., were under certain duties imposed by law.

53.    In violation of those duties, Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, R+L CARRIERS, INC, was negligent in one or more the following respects:

    a)    Failed to keep a proper lookout;

    b)    Failed to properly couple the trailers;

    c)    Failed to properly attach or secure the second trailer;

    d)    Failed to properly inspect the tractor-trailer;

    e)    Failed to properly inspect the trailers prior to departing;

    f)    Failed to properly inspect the trailers after departing and prior to the collision;

    g)    Failed to maintain control of the tractor-trailer;

    h)    Failed to use appropriate operating maneuvers upon decoupling of the second trailer;

    i)    Failed to place warning devices, flares, or traffic hazard signals behind the tractor and trailers to alert oncoming traffic of danger;

    j)    Operated a vehicle on a highway with equipment upon the vehicle that was not in good working order and safe mechanical condition;

    k)    Violated state and federal automobile and trucking regulations; and

    l)    Was otherwise careless and negligent.

54.    In violation of those duties, MATTHEW EDDY, who attached the 2nd trailer to the first trailer, as employee, agent, and/or apparent agent of Defendant, R+L CARRIERS, INC., was negligent in one or more the following respects:

    m)    Failed to properly couple the trailers;

    n)    Failed to properly attach or secure the second trailer;

    o)    Failed to properly inspect the tractor-trailer;

    p)    Failed to properly inspect the trailer prior to departing;

    q)    Failed to maintain control of the tractor-trailer;

    r)    Violated state and federal automobile and trucking regulations; and

s)    Was otherwise careless and negligent.

55.    That as a direct and proximate result of one or more of the foregoing acts of negligent conduct, the second trailer which Christopher Nuoffer was operating on behalf of R+L CARRIERS, INC. became uncoupled, causing it to come to rest in the westbound travel lanes of traffic, causing the vehicle operated by DAVID STURGIS to strike it, thereby injuring and ultimately causing Mr. Sturgis's death.

56.    That as a direct and proximate result of one or more of the foregoing acts of negligent conduct, the Plaintiff has incurred damages including, but not limited to, medical, hospital, funeral and burial expenses, and the expense of administering the decedent's estate.

57.    That furthermore, as a direct and proximate result of one or more of the foregoing acts of negligent conduct that resulted in the wrongful death of the decedent, DAVID STURGIS, the following heirs at law have been damaged in that they have lost the love, care, companionship, comfort, support, guidance, training, and financial support of the decedent.

**Barbara Sturgis (Spouse)**
**Natalie Lepkowski (Daughter)**
**Phillip Druszczak (Son)**
**Nathan Sturgis (Son)**

WHEREFORE Plaintiff prays for a judgment against the defendant R+L CARRIERS, INC. for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

## COUNT TWO – WRONGFUL DEATH
### WILLFUL AND WANTON
### R+L CARRIERS, INC.

1-51.    Plaintiff realleges paragraphs 1 through 51 as if fully set forth herein.

52.    That Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, R+L CARRIERS, INC., and MATTHEW EDDY, who attached the 2nd trailer to the first trailer, as employees, agents, and/or apparent agents of Defendant, R+L CARRIERS, INC., were under certain duties imposed by law.

53.    In violation of those duties, Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, R+L CARRIERS, INC, was grossly negligent and/or willful and wanton in one or more the following respects:

      a)    Failed to keep a proper lookout;

      b)    Failed to properly couple the trailers;

      c)    Failed to properly attach or secure the second trailer;

      d)    Failed to properly inspect the tractor-trailer;

      e)    Failed to properly inspect the trailers prior to departing;

      f)    Failed to properly inspect the trailers after departing and prior to the collision;

      g)    Failed to maintain control of the tractor-trailer;

      h)    Failed to use appropriate operating maneuvers upon decoupling of the second trailer;

      i)    Failed to place warning devices, flares, or traffic hazard signals behind the tractor and trailers to alert oncoming traffic of danger;

      j)    Operated a vehicle on a highway with equipment upon the vehicle that was not in good working order and safe mechanical condition;

      k)    Violated state and federal automobile and trucking regulations; and

      l)    Was otherwise grossly negligent and/or willful and wanton.

54.    In violation of those duties, MATTHEW EDDY, who attached the 2nd trailer to the first trailer, as employees, agents, and/or apparent agents of Defendant, R+L CARRIERS, INC., were grossly negligent and/or willful and wanton in one or more the following respects:

m)    Failed to properly couple the trailers;

n)    Failed to properly attach or secure the second trailer;

o)    Failed to properly inspect the tractor-trailer;

p)    Failed to properly inspect the trailer prior to departing;

q)    Failed to maintain control of the tractor-trailer;

r)    Violated state and federal automobile and trucking regulations; and

s)    Was otherwise grossly negligent and/or willful and wanton.

55.    That as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, the second trailer which Christopher Nuoffer was operating on behalf of R+L CARRIERS, INC. became uncoupled, causing it to come to rest in the right travel lane of traffic, causing the vehicle operated by DAVID STURGIS to strike it, thereby injuring and ultimately cause Mr. Sturgis's death.

56.    That as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, the Plaintiff has incurred damages including, but not limited to, medical, hospital, funeral and burial expenses, and the expense of administering the decedent's estate.

57.    That furthermore, as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, that resulted in the wrongful death of the decedent, DAVID STURGIS, the following heirs at law have been damaged in that they have lost the love, care, companionship, comfort, support, guidance, training, and financial support of the decedent.

**Barbara Sturgis (Spouse)**
**Natalie Lepkowski (Daughter)**
**Phillip Druszczak (Son)**
**Nathan Sturgis (Son)**

WHEREFORE Plaintiff prays for a judgment against the defendant R+L CARRIERS, INC. for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

## COUNT THREE – SURVIVAL ACTION
## R+L CARRIERS, INC.

1.      Plaintiff realleges and incorporates Counts One and Two as if specifically pled herein.

2.      That as a direct and proximate result of one or more of the foregoing acts or omissions, David Sturgis suffered physical injuries and conscious pain and suffering.

WHEREFORE Plaintiff prays for a judgment against the defendant R+L CARRIERS, INC. for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, the Indiana Survival Statute, or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

## COUNT FOUR– WRONGFUL DEATH
### R+L TRANSFER, INC.

1-51.   Plaintiff realleges paragraphs 1 through 51 as if fully set forth herein.

52.   That Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, R+L TRANSFER, INC., and MATTHEW EDDY, who attached the 2nd trailer to the first trailer, as employee, agent, and/or apparent agent of Defendant, R+L TRANSFER, INC., were under certain duties imposed by law.

53.   In violation of those duties, Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, R+L TRANSFER, INC, was negligent in one or more the following respects:

      a)    Failed to keep a proper lookout;

      b)    Failed to properly couple the trailers;

      c)    Failed to properly attach or secure the second trailer;

      d)    Failed to properly inspect the tractor-trailer;

      e)    Failed to properly inspect the trailers prior to departing;

      f)    Failed to properly inspect the trailers after departing and prior to the collision;

      g)    Failed to maintain control of the tractor-trailer;

      h)    Failed to use appropriate operating maneuvers upon decoupling of the second trailer;

      i)    Failed to place warning devices, flares, or traffic hazard signals behind the tractor and trailers to alert oncoming traffic of danger;

      j)    Operated a vehicle on a highway with equipment upon the vehicle that was not in good working order and safe mechanical condition;

      k)    Violated state and federal automobile and trucking regulations; and

      l)    Was otherwise careless and negligent.

54.   In violation of those duties, MATTHEW EDDY, who attached the 2nd trailer to the first trailer, as employees, agents, and/or apparent agents of Defendant, R+L TRANSFER, INC., were negligent in one or more the following respects:

    m)    Failed to properly couple the trailers;

    n)    Failed to properly attach or secure the second trailer;

    o)    Failed to properly inspect the tractor-trailer;

    p)    Failed to properly inspect the trailer prior to departing;

    q)    Failed to maintain control of the tractor-trailer;

    r)    Violated state and federal automobile and trucking regulations; and

    s)    Was otherwise careless and negligent.

55.    That as a direct and proximate result of one or more of the foregoing acts of negligent conduct, the second trailer which Christopher Nuoffer was operating on behalf of R+L TRANSFER, INC. became uncoupled, causing it to come to rest in the westbound travel lanes of traffic, causing the vehicle operated by DAVID STURGIS to strike it, thereby injuring and ultimately cause Mr. Sturgis's death.

56.    That as a direct and proximate result of one or more of the foregoing acts of negligent conduct, the Plaintiff has incurred damages including, but not limited to, medical, hospital, funeral and burial expenses, and the expense of administering the decedent's estate.

57.    That furthermore, as a direct and proximate result of one or more of the foregoing acts of negligent conduct that resulted in the wrongful death of the decedent, DAVID STURGIS, the following heirs at law have been damaged in that they have lost the love, care, companionship, comfort, support, guidance, training, and financial support of the decedent.

    **Barbara Sturgis (Spouse)**
    **Natalie Lepkowski (Daughter)**
    **Phillip Druszczak (Son)**
    **Nathan Sturgis (Son)**

WHEREFORE Plaintiff prays for a judgment against the defendant R+L TRANSFER, INC. for all damages allowable by law including but not limited to those allowable under the

Indiana wrongful death act, or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

**COUNT FIVE – WRONGFUL DEATH**
**WILLFUL AND WANTON**
**R+L TRANSFER, INC.**

1-51.    Plaintiff realleges paragraphs 1 through 51 as if fully set forth herein.

52.    That Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, R+L TRANSFER, INC., and MATTHEW EDDY, who attached the 2nd trailer to the first trailer, as employees, agents, and/or apparent agents of Defendant, R+L TRANSFER, INC., were under certain duties imposed by law.

53.    In violation of those duties, Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, R+L TRANSFER, INC., was grossly negligent and/or willful and wanton in one or more the following respects:

a)    Failed to keep a proper lookout;

b)    Failed to properly couple the trailers;

c)    Failed to properly attach or secure the second trailer;

d)    Failed to properly inspect the tractor-trailer;

e)    Failed to properly inspect the trailers prior to departing;

f)    Failed to properly inspect the trailers after departing and prior to the collision;

g)    Failed to maintain control of the tractor-trailer;

h)    Failed to use appropriate operating maneuvers upon decoupling of the second trailer;

i)    Failed to place warning devices, flares, or traffic hazard signals behind the tractor and trailers to alert oncoming traffic of danger;

j)    Operated a vehicle on a highway with equipment upon the vehicle that was not in good working order and safe mechanical condition;

k)    Violated state and federal automobile and trucking regulations; and

l)    Was otherwise grossly negligent and/or willful and wanton.

54.    In violation of those duties, MATTHEW EDDY, who attached the 2nd trailer to the first trailer, as employees, agents, and/or apparent agents of Defendant, R+L TRANSFER, INC., were grossly negligent and/or willful and wanton in one or more the following respects:

m)    Failed to properly couple the trailers;

n)    Failed to properly attach or secure the second trailer;

o)    Failed to properly inspect the tractor-trailer;

p)    Failed to properly inspect the trailer prior to departing;

q)    Failed to maintain control of the tractor-trailer;

r)    Violated state and federal automobile and trucking regulations; and

s)    Was otherwise grossly negligent and/or willful and wanton.

55.    That as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, the second trailer which Christopher Nuoffer was operating on behalf of R+L TRANSFER, INC. became uncoupled, causing it to come to rest in the right travel lane of traffic, causing the vehicle operated by DAVID STURGIS to strike it, thereby injuring and ultimately cause Mr. Sturgis's death.

56.    That as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, the Plaintiff has incurred damages including, but not limited to, medical, hospital, funeral and burial expenses, and the expense of administering the decedent's estate.

57.    That furthermore, as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, that resulted in the wrongful death of the decedent, DAVID STURGIS, the following heirs at law have been damaged in that they have lost the love, care, companionship, comfort, support, guidance, training, and financial support of the decedent.

**Barbara Sturgis (Spouse)**
**Natalie Lepkowski (Daughter)**
**Phillip Druszczak (Son)**
**Nathan Sturgis (Son)**

WHEREFORE Plaintiff prays for a judgment against the defendant R+L TRANSFER, INC.. for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

## COUNT SIX– SURVIVAL ACTION
### R+L TRANSFER, INC.

1.      Plaintiff realleges and incorporates Counts Four and Five as if specifically pled herein.

2.      That as a direct and proximate result of one or more of the foregoing acts or omissions, David Sturgis, suffered physical injuries and conscious pain and suffering.

WHEREFORE Plaintiff prays for a judgment against the defendant R+L TRANSFER, INC. for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, Indiana Survival Act, or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

## COUNT SEVEN – WRONGFUL DEATH
## GREENWOOD MOTORLINES, INC.

1-51.    Plaintiff realleges paragraphs 1 through 51 as if fully set forth herein.

52.    That Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, GREENWOOD MOTORLINES, INC., and MATTHEW EDDY, who attached the 2nd trailer to the first trailer, as employees, agents, and/or apparent agents of Defendant, GREENWOOD MOTORLINES, INC., were under certain duties imposed by law.

46.    In violation of those duties, Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, GREENWOOD MOTORLINES, INC., was negligent in one or more the following respects:

      a)    Failed to keep a proper lookout;

      b)    Failed to properly couple the trailers;

      c)    Failed to properly attach or secure the second trailer;

      d)    Failed to properly inspect the tractor-trailer;

      e)    Failed to properly inspect the trailers prior to departing;

      f)    Failed to properly inspect the trailers after departing and prior to the collision;

      g)    Failed to maintain control of the tractor-trailer;

      h)    Failed to use appropriate operating maneuvers upon decoupling of the second trailer;

      i)    Failed to place warning devices, flares, or traffic hazard signals behind the tractor and trailers to alert oncoming traffic of danger;

      j)    Operated a vehicle on a highway with equipment upon the vehicle that was not in good working order and safe mechanical condition;

      k)    Violated state and federal automobile and trucking regulations; and

      l)    Was otherwise careless and negligent.

47.    In violation of those duties, MATTHEW EDDY, who attached the 2nd trailer to the first trailer, as employee, agent, and/or apparent agent of Defendant, GREENWOOD MOTORLINES, INC., was negligent in one or more the following respects:

18

    m)     Failed to properly couple the trailers;
    n)     Failed to properly attach or secure the second trailer;
    o)     Failed to properly inspect the tractor-trailer;
    p)     Failed to properly inspect the trailer prior to departing;
    q)     Failed to maintain control of the tractor-trailer;
    r)     Violated state and federal automobile and trucking regulations; and
    s)     Was otherwise careless and negligent.

48.    That as a direct and proximate result of one or more of the foregoing acts of negligent conduct, the second trailer which Christopher Nuoffer was operating on behalf of GREENWOOD MOTORLINES, INC. became uncoupled, causing it to come to rest in the westbound travel lanes of traffic, causing the vehicle operated by DAVID STURGIS to strike it, thereby injuring and ultimately cause Mr. Sturgis's death.

49.    That as a direct and proximate result of one or more of the foregoing acts of negligent conduct, the Plaintiff has incurred damages including, but not limited to, medical, hospital, funeral and burial expenses, and the expense of administering the decedent's estate.

50.    That furthermore, as a direct and proximate result of one or more of the foregoing acts of negligent conduct that resulted in the wrongful death of the decedent, DAVID STURGIS, the following heirs at law have been damaged in that they have lost the love, care, companionship, comfort, support, guidance, training, and financial support of the decedent.

        **Barbara Sturgis (Spouse)**
        **Natalie Lepkowski (Daughter)**
        **Phillip Druszczak (Son)**
        **Nathan Sturgis (Son)**

WHEREFORE Plaintiff prays for a judgment against the defendant GREENWOOD MOTOR LINES, INC. for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

## COUNT EIGHT – WRONGFUL DEATH
### WILLFUL AND WANTON
### GREENWOOD MOTORLINES, INC.

1-51.    Plaintiff realleges paragraphs 1 through 51 as if fully set forth herein.

52.    That Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, GREENWOOD MOTORLINES, INC., and MATTHEW EDDY who attached the 2nd trailer to the first trailer, as employees, agents, and/or apparent agents of Defendant, GREENWOOD MOTORLINES, INC., were under certain duties imposed by law.

46.    In violation of those duties, Christopher Nuoffer, as employee, agent and/or apparent agent of Defendant, GREENWOOD MOTORLINES, INC., was grossly negligent and/or willful and wanton in one or more the following respects:

a)    Failed to keep a proper lookout;

b)    Failed to properly couple the trailers;

c)    Failed to properly attach or secure the second trailer;

d)    Failed to properly inspect the tractor-trailer;

e)    Failed to properly inspect the trailers prior to departing;

f)    Failed to properly inspect the trailers after departing and prior to the collision;

g)    Failed to maintain control of the tractor-trailer;

h)    Failed to use appropriate operating maneuvers upon decoupling of the second trailer;

i)    Failed to place warning devices, flares, or traffic hazard signals behind the tractor and trailers to alert oncoming traffic of danger;

j)    Operated a vehicle on a highway with equipment upon the vehicle that was not in good working order and safe mechanical condition;

k)    Violated state and federal automobile and trucking regulations; and

l)    Was otherwise grossly negligent and/or willful and wanton.

47.    In violation of those duties, MATTHEW EDDY, who attached the 2nd trailer to the first trailer, as employee, agent, and/or apparent agent of Defendant, GREENWOOD

20

MOTORLINES, INC., were grossly negligent and/or willful and wanton in one or more the following respects:

m)   Failed to properly couple the trailers;
n)   Failed to properly attach or secure the second trailer;
o)   Failed to properly inspect the tractor-trailer;
p)   Failed to properly inspect the trailer prior to departing;
q)   Failed to maintain control of the tractor-trailer;
r)    Violated state and federal automobile and trucking regulations; and
s)   Was otherwise grossly negligent and/or willful and wanton.

48.     That as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, the second trailer which Christopher Nuoffer was operating on behalf of GREENWOOD MOTORLINES, INC., became uncoupled, causing it to come to rest in the right travel lane of traffic, causing the vehicle operated by DAVID STURGIS to strike it, thereby injuring and ultimately cause Mr. Sturgis's death.

49.     That as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, the Plaintiff has incurred damages including, but not limited to, medical, hospital, funeral and burial expenses, and the expense of administering the decedent's estate.

49.      That furthermore, as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, that resulted in the wrongful death of the decedent, DAVID STURGIS, the following heirs at law have been damaged in that they have lost the love, care, companionship, comfort, support, guidance, training, and financial support of the decedent.

**Barbara Sturgis (Spouse)**
**Natalie Lepkowski (Daughter)**
**Phillip Druszczak (Son)**
**Nathan Sturgis (Son)**

WHEREFORE Plaintiff prays for a judgment against the defendant GREENWOOD MOTOR LINES, INC., for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

## COUNT NINE– SURVIVAL ACTION
## GREENWOOD MOTORLINES, INC.

1.      Plaintiff realleges and incorporates Counts Seven and Eight as if specifically pled herein.

2.      That as a direct and proximate result of one or more of the foregoing acts or omissions, David Sturgis, suffered physical injuries and conscious pain and suffering.

WHEREFORE Plaintiff prays for a judgment against the defendant GREENWOOD MOTOR LINES INC. for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, Indiana Survival Act or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

## COUNT TEN – WRONGFUL DEATH
### MATTHEW EDDY

1-51.   Plaintiff realleges paragraphs 1 through 51 as if fully set forth herein.

52.   That defendant MATTHEW EDDY was under certain duties imposed by law.

53.   In violation of those duties, MATTHEW EDDY, was negligent in one or more the following respects:

    a)   Failed to properly couple the trailers;
    b)   Failed to properly attach or secure the second trailer;
    c)   Failed to properly inspect the tractor-trailer;
    d)   Failed to properly inspect the trailer prior to departing;
    e)   Failed to maintain control of the tractor-trailer;
    f)   Violated state and federal automobile and trucking regulations; and
    g)   Was otherwise careless and negligent.

54.   That as a direct and proximate result of one or more of the foregoing acts of negligent conduct, the second trailer which Christopher Nuoffer was operating became uncoupled, causing it to come to rest in the westbound travel lanes of traffic, causing the vehicle operated by DAVID STURGIS to strike it, thereby injuring and ultimately causing Mr. Sturgis's death.

55.   That as a direct and proximate result of one or more of the foregoing acts of negligent conduct, the Plaintiff has incurred damages including, but not limited to, medical, hospital, funeral and burial expenses, and the expense of administering the decedent's estate.

56.   That furthermore, as a direct and proximate result of one or more of the foregoing acts of negligent conduct that resulted in the wrongful death of the decedent, DAVID STURGIS, the following heirs at law have been damaged in that they have lost the love, care, companionship, comfort, support, guidance, training, and financial support of the decedent.

    **Barbara Sturgis (Spouse)**
    **Natalie Lepkowski (Daughter)**
    **Phillip Druszczak (Son)**
    **Nathan Sturgis (Son)**

WHEREFORE Plaintiff prays for a judgment against the defendant MATTHEW EDDY for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

### COUNT ELEVEN – WRONGFUL DEATH
**WILLFUL AND WANTON**
**MATTHEW EDDY**

1-51.    Plaintiff realleges paragraphs 1 through 51 as if fully set forth herein.

52.    That defendant MATTHEW EDDY was under certain duties imposed by law.

53.    In violation of those duties, defendant MATTHEW EDDY was grossly negligent and/or willful and wanton in one or more the following respects:

        a)    Failed to properly couple the trailers;
        b)    Failed to properly attach or secure the second trailer;
        c)    Failed to properly inspect the tractor-trailer;
        d)    Failed to properly inspect the trailer prior to departing;
        e)    Failed to maintain control of the tractor-trailer;
        f)    Violated state and federal automobile and trucking regulations; and
        g)    Was otherwise grossly negligent and/or willful and wanton.

54.    That as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, the second trailer which Christopher Nuoffer was operating became uncoupled, causing it to come to rest in the right travel lane of traffic, causing the vehicle operated by DAVID STURGIS to strike it, thereby injuring and ultimately cause Mr. Sturgis's death.

55.    That as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, the Plaintiff has incurred damages including, but not limited to, medical, hospital, funeral and burial expenses, and the expense of administering the decedent's estate.

56.    That furthermore, as a direct and proximate result of one or more of the foregoing acts of grossly negligent and/or willful and wanton conduct, that resulted in the wrongful death of the decedent, DAVID STURGIS, the following heirs at law have been damaged in that they have lost the love, care, companionship, comfort, support, guidance, training, and financial support of the decedent.

**Barbara Sturgis (Spouse)**
**Natalie Lepkowski (Daughter)**
**Phillip Druszczak (Son)**
**Nathan Sturgis (Son)**

WHEREFORE Plaintiff prays for a judgment against the defendant MATTHEW EDDY for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

## COUNT TWELVE – SURVIVAL ACTION
### MATTHEW EDDY

1.      Plaintiff realleges and incorporates Counts Ten and Eleven as if specifically pled herein.

2.      That as a direct and proximate result of one or more of the foregoing acts or omissions, David Sturgis suffered physical injuries and conscious pain and suffering.


WHEREFORE Plaintiff prays for a judgment against the defendant MATTHEW EDDY for all damages allowable by law including but not limited to those allowable under the Indiana wrongful death act, Indiana Survival Act or, in the alternative, seeks compensatory damages which will reasonably compensate her and for costs, prejudgment interest, and for all other just and proper relief in the premises.

Respectfully submitted,


 /s/ **Stephen D. Phillips**
One of the Plaintiff's Attorneys



/s/ **Kevin C. Smith**
One of the Plaintiff's Attorneys




Stephen D. Phillips
Terrence M. Quinn
Stephen J. Phillips
**PHILLIPS LAW OFFICES**
161 N. Clark Street, Suite 4925
Chicago, Illinois 60601
T: (312)346-4262
F: (312)346-0003
sphillips@phillipslegal.com
tquinn@phillipslegal.com
sjphillips@phillipslegal.com



Kevin C. Smith
**SMITH SERSIC**
9301 Calumet Avenue, Suite 1F
Munster, IN 46321
T: (219) 933-7600
F: (219) 836-2848
ksmith@smithsersic.com

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on November 25, 2019, we filed the foregoing document using the Court's CM/ECF system and this document was served on all counsel of record through the Court's CM/ECF system. Parties may access the pleading through the Court's CM/ECF online system.

Edward W. Hearn –hearne@jbltd.com
Gregory D. Conforti – confortig@jbltd.com
Catherine Breitweiser-Hurst – breitweiserhurstc@jbltd.com
Kevin C. Smith – ksmith@smithsersic.com


                        /s/Kelly Willoughby