UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| BARBARA STURGIS, ) | |
| *Individually and as Administrator of the* ) | |
| *Estate of David Sturgis, Deceased.* ) | |
| ) | |
| Plaintiff(s), ) | |
| ) | |
| v. ) | CASE NO: 3:19-CV-440 |
| ) | |
| R&L CARRIERS INC. ET AL., ) | |
| ) | |
| Defendant(s). ) | |

**PLAINTIFF'S EMERGENCY MOTION TO BAR AND FOR
EXPEDITED DISCOVERY UNDER RULE 26(a)(1)(C) & RULE 26(d)(1)**

NOW COMES the Plaintiff, BARBARA STURGIS, Individually and as Administrator of the Estate of DAVID STURGIS, deceased, by and through her attorneys, PHILLIPS LAW OFFICES, hereby requests that this Court bar Defendants from asserting any non-party defense and order Defendants to answer expedited discovery issued by the Plaintiff on January 7, 2020, under Rule 26(a)(1)(C) and Rule 26(d)(1), in light of the pending expiration of the statute of limitations on her claim and the potentiality for non-party defenses to be pleaded by Defendants. In support thereof, Plaintiff states as follows:

1. This case involves the wrongful death of David Sturgis on February 16, 2018 following a collision with Defendant's trailer, which became detached from the tractor pulling it on Interstate 94 in LaPorte County, Indiana.

2. Indiana imposes a two-year statute of limitations on wrongful death claims. I.C. 34-23-1. The statute of limitations on Plaintiff's wrongful death claim may therefore expire as soon as February 16, 2020.

1

3. Indiana imposes a two-year statute of limitations on personal injury claims. I.C. 34-11-2-4. The statute of limitations on Plaintiff's survival claim may therefore expire as soon as February 16, 2020.

4. Plaintiff filed this action on May 8, 2019 in LaPorte Superior Court, County of LaPorte, Indiana against Defendants, R+L Carriers, Inc., R+L Transfer, Inc., Greenwood Motor Lines, Inc., and JOHN DOE.

5. Service of Plaintiff's Complaint was perfected on May 14, 2019 for Defendants R&L Carriers, Inc., R&L Transfer, Inc., and Greenwood Motor Lines, Inc.

6. On June 6, 2019, the Defendants filed their Notice of Removal to the United States District Court for the Northern District of Indiana South Bend Division ("District Court"). (Dkt. #1)

7. On July 3, 2019, Defendants filed their Answer to Complaint for Damages and Jury Demand, which contained no pleading as to a non-party defense. (Dkt. #13.)

8. On November 14, 2019, the District Court granted the Plaintiff's Motion to Withdraw its Motion to Remand filed on behalf of Mr. Sturgis to LaPorte Superior Court, County of LaPorte, Indiana and denied Plaintiff's Motion to Remand filed on behalf of Ms. Sturgis as moot. (Dkt. #38)

9. Also on November 14, 2019, the District Court granted Plaintiff leave to file an amended complaint to replace JOHN DOE with MATTHEW EDDY, to state all necessary citizenships of the parties (and decedent) to memorialize the court's findings on jurisdiction. (Dkt. #38)

10. On November 25, 2019, Plaintiff filed her First Amended Complaint replacing JOHN DOE with MATTHEW EDDY as a party-defendant. (Dkt. #39)

11. On December 5, 2019, MATTHEW EDDY filed his appearance. (Dkt. #43)

12. On December 9, 2019, Defendants filed their Answer to Plaintiff's First Amended Complaint, which contains no admission as to an employment/agency relationship between MATTHEW EDDY, who, as defendants have admitted in open court on October 11, 2019, attached the trailers at issue in this case on the date in question, and R+L CARRIERS, INC. R+L TRANSFER, INC. and GREENWOOD MOTORLINES, INC., respectively. (Dkt. #46)

13. Additionally, Defendants' Answer to Plaintiff's First Amended Complaint, denies an employment/agency relationship between Christopher Nuoffer, who, upon information and belief operated the semi-tractor at issue in this case on the date in question, and R+L CARRIERS, INC., R+L TRANSFER INC., and GREENWOOD MOTORLINES, INC., respectively. (Dkt. #46)

14. Additionally, Defendants' Answer contained no pleading as to a non-party defense under I.C. 34-51-2-14. (Dkt. #46)

15. However, Defendants' above-referenced answers support the inference that Defendants will seek to file a non-party defense available under Indiana law. Additionally, at the recent Report of Parties Planning Meeting held between the parties, Defendants proposed to seek permission to join additional parties and to amend the pleadings by March 23, 2020, which notably falls outside the statute of limitations on Plaintiff's claim. In response, Plaintiff's counsel expressed his concern that the inclusion of such a date would prejudice his client by disabling her from joining a necessary party with the limitations period. Tellingly, Defendants persist in this proposal as of the date of this filing, from which Plaintiff's attorney further infers their intention to raise non-party defense in the future.

16.     <u>**Any attempt by Defendants to plead non-party defenses are clearly and unambiguously untimely under Indiana law**</u>, which holds a defendant is required to plead any non-party defense as part of its first answer to Plaintiff's Complaint at Law. I.C. 34-51-2-16; *See also Jones v. Kaplan Trucking Company*, 2019 WL 5446364, P. 2 (Slip Copy). Moreover, if the defendant was served with a complaint and summons **more than one hundred fifty (150)** days before the expiration of the limitation of action applicable to the claimant's claim against the nonparty (as Defendants were in this case), the defendant shall plead any nonparty defense not later than forty-five (45) days before the expiration of that limitation of action. I.C. 34-51-2-16. *See also Jones v. Kaplan Trucking Company*, 2019 WL 5446364, P. 2 (Slip Copy).

17.     Defendants, R+L CARRIERS, INC. R+L TRANSFER, INC. or GREENWOOD MOTORLINES, INC., were served with complaint and summons on May 19, 2019 (Dkt. #1, ¶ 2.) a date which was far greater than 150 days before the expiration of the limitation on Plaintiff's survival and wrongful death claims. Under I.C. 34-51-2-16, Defendants were required to plead any non-party defenses by January 2, 2020[1], but failed to do so. As such, Defendants are barred from filing any such defenses.

18.     Nevertheless, and alternatively, Plaintiff seeks to issue the following, expedited discovery before the time set forth for initial disclosures in Rule 26(a)(1)(C) and for seeking discovery under Rule 26(d)(1) that is geared toward identifying the existence of additional, potentially-necessary parties before February 16, 2020 expiration of the limitations period on her claims so that she might join additional parties before that date, including but not limited to Mr. Eddy and Mr. Nuoffer's employers/principals if they are in fact not employees/agents as alleged by the corporate defendants in this case:

---

[1] January 2, 2020 is forty-five (45) days before the expiration of the limitation on Plaintiff's claims.

> **Exhibit A:** PLAINTIFF'S INTERROGATORIES TO DEFENDANTS REGARDING TRAILER COUPLING/CONNECTING DEVICE and EMPLOYMENT STATUS
>
> **Exhibit B:** PLAINTIFF'S REQUEST TO ADMIT TO R+L CARRIERS, INC.
>
> **Exhibit C:** PLAINTIFF'S REQUEST TO ADMIT TO R+L TRANSFER, INC.
>
> **Exhibit D:** PLAINTIFF'S REQUEST TO ADMIT TO GREENWOOD MOTOR LINES, INC.

19. Rule 26(a)(1)(C) authorizes this Court to order expedited discovery apart from typical initial disclosures. F.R.C.P. 26(a)(1)(C)("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference ___unless a different time is set by stipulation or court order___.")(Emphasis added.) Likewise, Rule 26(d)(1) authorizes this Court to order expedited discovery. F.R.C.P. 26(d)(1). ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), ___except___ in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or ___by court order___.")(Emphasis added.

20. For the reasons stated above, Plaintiff seeks an order compelling Defendants to answer the discovery attached as Exhibits A-D within seventy-two (72) hours in order that she may take steps to join any potentially necessary parties ahead of the potential February 16, 2020 expiration of the limitations period on her claims.

21. This motion is brought timely and on a good faith emergency basis in an attempt to avoid severe prejudice to the Plaintiff in light of the potential February 16, 2020 expiration of the limitations period on her claims. The proposed, expedited discovery deadlines are reasonable in light of the pending expiration of the limitations period on Plaintiff's claims and as Defendants should have the requested information readily-available to them.

WHEREFORE, Plaintiff, BARBARA STURGIS, Individually and as Administrator of the Estate of DAVID STURGIS, deceased, prays in accordance therewith.

Respectfully submitted,

*Terrence. M. Quinn*
**Attorneys for Plaintiff**

Stephen D. Phillips
Terrence M. Quinn
Stephen J. Phillips
sphillips@phillipslegal.com
tquinn@phillipslegal.com
sjphillips@phillipslegal.com

PHILLIPS LAW OFFICES
161 N. Clark Street, Suite 4925
Chicago, Illinois 60601
(312) 346-4262

Kevin Smith
ksmith@smithsersic.com

SMITH SERSIC
9301 Calumet Avenue, Suite 1F
Munster, IN 46321

**CERTIFICATE OF SERVICE**

I certify that on January 7, 2020, we filed the foregoing document using this Court's CM/ECF system and this document was served on all counsel of record through the Court's CM/ECF system.  Parties may access the pleading through the Court's CM/ECF online system.

Edward W. Hearn – hearne@jbltd.com
Catherin Breitweiser-Hurst – breitweiserhurstc@jbltd.com
Greg Conforti – confortig@jbltd.com


*/s/ Stephen J. Phillips*
Stephen J. Phillips, Attorney at Law