UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA GONZALEZ, as mother and next friend of, M.G., a minor, | ) ) ) | |
| Plaintiff, | ) ) | Case No.: 1:13-cv-03630 |
| v. | ) ) | Honorable Judge Gary Feinerman |
| SOUTHWEST AIRLINES, | ) ) | |
| Defendant. | ) | |

**MOTION IN LIMINE NO. 7**
**TO BAR OPINIONS OF EXPERTS DR. LAWRENCE VOGEL AND DAVID GIBSON**

The Defendant, SOUTHWEST AIRLINES CO., by and through their attorneys, Donald G. Machalinski, Linda J. Schneider, and Jennifer L. Smith of MERLO KANOFSKY GREGG & MACHALINSKI Ltd., moves in limine, prior to the commencement of the trial of this cause and the selection of the jury, for the entry of an Order prohibiting any counsel during the course of this trial from attempting to elicit testimony from Dr. Lawrence Vogel and David Gibson to the extent that facts they rely upon are found inadmissible at trial, and in support thereof states as follows:

1. This lawsuit arises from an accident at Midway International Airport in Chicago. While Plaintiff Maria Gonzalez and her family were de-boarding a flight from Texas, her three-and-a-half-year-old son, M.G., exited the rear of the airplane and out of the galley door. M.G. slipped between a provisioning lift truck platform and the aircraft and dropped to the tarmac. Gonzalez alleges that M.G. was injured as a result of the fall.

2. The main issue in contention between the parties to this suit is whether M.G. was injured when he fell, and if so, the extent of those injuries.

1

3. The only person to diagnose M.G. with a traumatic brain injury is the Plaintiff's neuropsychological expert, Dr. Courtenay Rourke Ainsworth. Southwest has a pending *Daubert* motion to bar Dr. Ainsworth's opinions. (*See* Southwest's Motion to Exclude the Expert Testimony of Dr. Courtenay Rourke Ainsworth, Pursuant to Federal Rule of Evidence 702 and *Daubert*, ECF #119).

4. Based on her diagnosis of a traumatic brain injury resulting in mild cognitive deficits, Dr. Ainsworth opines that M.G. will require specialized care for the rest of his life.

5. The only person to opine that M.G. has chronic and lifelong injuries that cause pain is the Plaintiff's pain specialist expert, Dr. Scott Glaser. Southwest has a pending *Daubert* motion to bar Dr. Glaser's opinions. (*See* Southwest's Motion to Exclude the Expert Testimony of Scott Edward Glaser, M.D., Pursuant to Rule 702 and *Daubert*, ECF #115).

6. Based on Dr. Glaser's conclusion that M.G. will have lifelong chronic pain, he opines that M.G. will need numerous pain interventions, such as medication and injections, as well as numerous spinal cord stimulators, throughout the course of his lifetime.

7. It is Southwest's contention that the respective diagnoses of Dr. Ainsworth and Dr. Glaser are unsupported, and that they are not correct in their resulting opinions regarding M.G.'s lifelong treatment and care plans. These issues are addressed in Southwest's respective *Daubert* motions.

8. The Plaintiff disclosed an expert life care planner, Dr. Lawrence Vogel, who opines on the cost of the lifelong treatment M.G. will need. The treatment and care outlined in Dr. Vogel's life care plan are based on Dr. Ainsworth's diagnoses and Dr. Ainsworth's recommendations based on those diagnoses. (*See* Transcript of the Deposition of Dr. Lawrence

Vogel, attached as Exhibit A, pgs. 65, 68-72, 103). It is also based on Dr. Glaser's diagnoses and recommended lifelong treatment. (Ex. A, pg. 120).

9. If the testimony of Dr. Ainsworth and Dr. Glaser is barred, and specifically, if the Plaintiff is not able to present evidence that M.G. suffered from a traumatic brain injury which resulted in lifelong cognitive deficits, or that he suffers from chronic pain that requires lifelong treatment, there is no competent evidence providing a basis for Dr. Vogel's life care plan. As such, the Plaintiff should be prohibited from entering such evidence.

10. Similarly, the Plaintiff disclosed an expert economist, David Gibson, who opined that M.G.'s lifelong earning capacity has been restricted by the diagnoses of a traumatic brain injury and resulting cognitive deficits, and chronic pain. (*See* Transcript of the Deposition of David Gibson, attached as Exhibit B, pgs. 15-18, 22-23). Again, Gibson bases his opinions solely on the diagnoses of Dr. Ainsworth and Dr. Glaser. (Ex. B, pg. 15, 45).

11. If the testimony of Dr. Ainsworth and Dr. Glaser is barred, and specifically, if the Plaintiff is not able to present evidence that M.G. suffered from a traumatic brain injury which resulted in lifelong cognitive deficits, or that he suffers from chronic pain that restricts his daily activities, there is no competent evidence providing a basis for David Gibson's opinions about M.G.'s loss of earning capacity.

12. Without a competent basis for their opinions, the testimony of Dr. Vogel and David Gibson is not relevant. It would not have "a tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Such evidence would be unsupported and based on pure speculation.

13. Evidence should be excluded if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time or needless presentation of cumulative evidence." Fed. R. Evid. 403. Introducing evidence of a life care plan and lost earnings without a competent factual basis for such findings is unfairly prejudicial to Southwest, as well as confuses and misleads the jury with unsupported and incompetent evidence.

14. The trial court has broad discretion in determining whether evidence is relevant and therefore admissible. *United States v. Dunn*, 805 F.2d 1275, 1282 (6th Cir. 1986). In exercising this discretionary authority, the court must consider all factors surrounding the proffered evidence and analyze the probative value of the evidence in relation to its prejudicial effect. *See Old Chief v. United States*, 519 U.S. 172 (1997). It is important that the court base its evidentiary decisions by focusing on the issues being tried and how the proffered evidence would assist a jury in evaluating the claims. *Id*.

15. To the extent that Dr. Ainsworth and Dr. Glaser's opinions are barred, the Plaintiff should be barred from presenting the testimony, and opinions, of Dr. Vogel and David Gibson.

Wherefore, the Defendant, SOUTHWEST AIRLINES CO., respectfully requests that the Court enter an Order in Limine in accordance with the foregoing, prohibiting the testimony and opinions of Dr. Lawrence Vogel and David Gibson should the opinions of Dr. Courtenay Rourke Ainsworth and Dr. Scott Glaser be barred.

                                              Respectfully submitted by,

                                              SOUTHWEST AIRLINES CO.

                                              */s/ Donald G. Machalinski*_____
                                              By: One of Its Attorneys

Attorneys for the Defendant,
SOUTHWEST AIRLINES CO.
Donald G. Machalinski-ARDC No. 6200246
Linda J. Schneider-ARDC No. 6200343
Jennifer L. Smith-ARDC No. 6283504
MERLO KANOFSKY GREGG & MACHALINSKI Ltd.
208 South LaSalle Street, Suite 1750
Chicago, Illinois 60604
Telephone No.: (312) 553-5500 / Facsimile: (312) 553-1586
E-Mail: dgm@merlolaw.com
       ljs@merlolaw.com
       jls@merlolaw.com